June Term, 1860.

BORNGESSER v. HARRISON.

---

BORNGESSER VS. HARRISON.

Where an action has been brought for part of the items of a running account, omitting other items of the *same* account which were due at the time, and judgment has been recovered therefor, such judgment is a bar to another action afterwards brought to recover for the items so omitted.

Where the court instructed the jury, that the judgment in such former action for part of an account was a bar to a subsequent action for the residue, and that "the whole account being between the same parties and for furnishing the same articles, all being due at the time the first suit was brought, a recovery for a part is a bar to a recovery for the other part:" *Held*, that the instruction fairly implies that the jury must find that the account sued for in the second action was part of the same account which was the subject of the first action, before they could find that it was barred by the judgment; and that if the plaintiff desired to present to the jury more definitely the question, whether there were *two* accounts between the parties, he should have asked a specific instruction upon that point.

There may be two or more running accounts in favor of one party against another, which might be the subject of separate suits, but the balance due to a party on account ordinarily constitutes but one demand, where there is nothing in the course or nature of the dealings, or in the mode in which the accounts are kept, to indicate a different intention of the parties.

APPEAL from the Circuit Court for *Milwaukee* County.

*Borngesser* sued *Harrison* in March, 1860, before a justice of the peace in the city of Milwaukee, upon an account for $47 36. The answer was a general denial, a set-off amounting to $100, and the following: "The defendant, for a further answer, says, that on the 23d day of February, 1859, the plaintiff recovered a judgment against him for $100 damages, besides costs, in a suit then pending before one Bode, a justice of the peace of the county of Milwaukee, in which said *Borngesser* was the plaintiff, and said *Harrison* defendant; that the cause of action upon which said suit was brought, was an account which said plaintiff had against said defendant, for goods sold and delivered; that the cause of action, if any, for which this suit is brought, is a portion of the same account for goods sold and delivered by said plaintiff to this defendant, which cause of action, if any, accrued before the bringing of said suit, wherein said judgment for one hundred dollars was rendered, and is a portion of the same cause of action for which said first suit was brought."

The justice rendered judgment for the plaintiff for $47 36 and costs, from which the defendant appealed to the county court of Milwaukee county. On the trial in that court, the plaintiff produced his account book containing the original entries, in which were several charges for meat, under date of 4th and 6th of April, 1858, amounting to $47 36, and testified that said meat was delivered by him to the captain of the vessel "Lansing," by direction of the defendant, and upon his promise to pay for it, and that the charges therefor were made at the times the meat was delivered. He also testified that there were other charges upon his book against the defendant, for meat, which commenced in 1857, and were for meat furnished to the defendant's house. The account on the book, and from which the above items were read, was for meat, with some items for the board of certain men, charged to the defendant. It occupied pages 15, 16 and 17 of the book, and commenced Feb. 20, 1858, with a charge to balance of old account, and continued to November, 1858. Each page contained two columns of charges, and each column was footed up and the amount carried to the head of

the next column.  In the fourth column, on page 16, immediately after a charge under date of Sept. 12, and on the next line, are the words, "For Ship Lansing," and then follow five items of meat, under date of April 4th, and seven under date of April 6th, together amounting to $47 36, which are the items claimed in this action; then follow three items on the next three lines of the same column, under date of 14th, 15th and 16th of September, respectively, which complete the column, and the whole column, including the amount of the three preceding, is then footed up at $105 84, which is carried forward to the top of the next page (p. 17), and the account there continued against the defendant.  On page 16, in said fourth column, immediately above the words, "For Ship Lansing," and to the left of the column of figures, are interlined the character and figures, $58, which is the amount of said column above that point, and immediately preceding the last three items in said column, are interlined, in like manner, the character and figures, $47 36.  There is another series of almost daily charges for April, 1858, on page 15.

The plaintiff here rested, and the defendant read in evidence the record of a judgment for one hundred dollars and costs, recovered by the plaintiff against the defendant before one Bode, a justice of the peace, on the 23d of February, 1859, in an action commenced on the 16th of the same month, upon a complaint for meat sold and delivered, &c., which was admitted by the plaintiff to comprise all the items charged to defendant on the plaintiff's book, except the items so charged on the 4th and 6th of April, 1858.  The defendant also read in evidence two bills rendered to him by the plaintiff, in April, 1858, one of items of meat, commencing in 1857, and continuing until February, 1858, the other headed "Vessel Lansing, Dr.," and corresponding with the account first proved by the plaintiff.

The plaintiff, being recalled, testified:  "I spoke to the defendant last winter about the account of the vessel, and he said he would pay it as soon as he had money.  That was after the judgment before Bode was paid."  The defendant was then recalled and testified:  "I do not remem-

ber that I said anything to plaintiff about the account of the schooner Lansing. I never said I would pay it after the judgment before Bode."

The court instructed the jury as follows: "If you find that the plaintiff had a book account against the defendant, of charges in part for meat furnished at his request at his house, and in part for meat furnished at his request for his vessel, if he brought suit and recovered for a part, leaving out a part, no matter which, the whole being due at the time, the judgment in the action would be a bar to a subsequent action to recover the rest." To this instruction the plaintiff excepted. The jury then retired, and having returned without having agreed upon a verdict, the court gave them this further instruction: "The whole account being between the same parties, and for furnishing the same article, meat, and all being due at the time of bringing the suit before Bode, the recovery of a part is a bar to a recovery for the other part, notwithstanding one portion was delivered at the defendant's house and the other portion at his vessel;" to which instruction the plaintiff excepted.

Verdict for the defendant, and judgment for costs.

*Von Deutsch & Winkler*, for appellant, contended that the claim here sued upon, and that on which the previous judgment was recovered, were separate contracts, one, made in 1857, that the plaintiff should furnish meat to the defendant's house, and the other, made in April, 1858, that he should furnish meat to a certain vessel, and that the defendant would pay for it. *Secor vs. Sturgis*, 16 N. Y., 548, 558. In Mass., each item of a running account is considered a separate contract. 15 Pick., 409. The accounts were kept separately on the plaintiff's book, though the items of the first were at length extended to and beyond those of the second. 2. The acceptance by the defendant without objection, in April, 1858, of a separate bill of the items furnished "for the ship Lansing," rendered it equivalent to an account stated between the parties for those items, and severed it from the rest of the items charged against him. *Lockwood vs. Thorne*, 1 Kern., 170. 3. If the justice of one part of the account has been acknowledged after judgment for the other part, a separate ac-

tion may be maintained to recover the portion so acknowledged. *Johnson vs. Pirtle*, 1 Swan (Tenn.), 262. As to whether there was a subsequent promise in this case to pay the items not included in the judgment, there was a conflict of testimony, and the question should have been submitted to the jury.

*Cary & Pratt*, for respondent, contended that each of the instructions given by the court to the jury was merely an enunciation of the established principle, that if several suits be brought for different parts of an entire claim, a judgment upon the merits in either will be available as a bar in the other suits (*Farrington vs. Payne*, 15 John., 432; *Guernsey vs. Carver*, 8 Wend., 492; *Bendernagle vs. Cocks*, 19 id., 207; *Fish vs. Folley*, 6 Hill, 54; *Secor vs. Sturgis*, 16 N. Y., 548); and that a running book account for goods sold, all being due, is an entire claim, and comes within that principle. *Guernsey vs. Carver, supra; Bonsey vs. Wordsworth*, 36 L. & E., 283.

October 15. *By the Court*, PAINE, J. This was an action on an account for meat delivered on the defendant's vessel. The defense was, that an action had previously been brought by the plaintiff against the defendant upon the same account of which these items formed a part, and a judgment recovered, which, it was claimed, barred this suit, though these items were not claimed in the other suit. The court below charged the jury that if they found such to have been the fact, this suit was barred. We think the instruction was correct. The law was so held in *Guernsey vs. Carver*, 8 Wend., 492, and we think has not been departed from by the courts of New York since. The opposite doctrine was held in Massachusetts, in *Badger vs. Titcomb*, 15 Pick., 415, where it is said that there is no principle of law, nor any other decided case, by which the decision in *Guernsey vs. Carver* could be sustained. But the question is again reviewed by Justice Cowen, in *Bendernagle vs. Cocks*, 19 Wend., 207; who showed that the decision was sustained both by principle and authority. We do not deem it necessary to attempt to add anything to what is said in these cases. But it may be remarked that if

we understand properly the nature of an account, there is something even in the opinion in the case in Massachusetts which would sustain that decision. The court say that a "running account" will not constitute an entire demand, "unless there is some agreement to that effect, or some usage or course of dealing from which such an agreement or understanding may be inferred." Now, although that court evidently did not so regard it, it seems to us that the very fact that there is a "running account" shows the very "course of dealing" from which the "understanding" alluded to ought to be inferred. The very fact that there is such an account imports that the parties have not been accustomed to treat every separate matter of charge as a distinct debt, but on the contrary to enter it in the account to become a part thereof and going to make up the debt, which consists of the entire balance due. And such, we think, is the general understanding of men with respect to accounts. For this reason we think the case of *Guernsey vs. Carver* is correct upon principle.

But it was claimed by the counsel for the appellant that the case of *Secor vs. Sturgis*, 16 New York Rep., has overruled this doctrine and established the opposite. But we do not think it should have that effect. In that case the same firm carried on two distinct branches of business, keeping different clerks and separate account books. An account accrued against the defendant in each branch, and it was held that the two did not constitute an entire demand, so that a recovery upon one would bar the other. This was undoubtedly correct. There was nothing in such a course of dealing, or in such a mode of keeping the accounts, which would indicate any understanding of the parties that the two accounts should constitute one debt. On the contrary, every thing indicated the opposite intention. And they were, to all intents and purposes, two accounts, and were so spoken of and treated in that case, and we can see no impossibility in there being two accounts in favor of one party against another. Suppose a lawyer is also the owner of a store. He performs legal services for a client, charging them in an account. The same client has an account at the store, which is kept sepa-

June Term,
1860.

BORNGESSER
v.
HARRISON.

rate. The two might be joined in one suit, and so might be within the policy of the law to prevent a multiplicity of suits. But nobody would say they were one account, or that such a mode of doing business indicated any intention or understanding that they were to be blended into one claim. The question in that case was entirely different, therefore, from the one whether each of those accounts could have been divided into as many suits as there were separate and distinct items, and there was nothing in it which called for the comments which the judge delivering the opinion made upon some of the cases already referred to. The rule as stated by him is, that different actions may be brought on the different items of an account which did not arise out of a single transaction, and are not connected together by a contract, and by this he evidently meant some contract further than that to be implied from the very nature of the account itself. Now, if that is so, I have no doubt there are many accounts that might be split up into hundreds of different suits, and thus the rule be made the cause of intolerable oppression. Take the case of a man having a large number of workmen, with an account at a store, but without any special contract beyond that. He draws perhaps several hundred orders in favor of his workmen, which are all charged up in one account. These are separate transactions. Every order, taken alone, would be evidence of a distinct debt. There is no contract that the account shall all be considered one debt. The merchant might therefore bring as many hundred suits as he held orders. And yet everybody knows that the very fact that the parties make these the subject matter of a single account, implies a different understanding. While I think this case was correctly decided, upon its facts, I must therefore be permitted still to think that the previous cases were also correctly decided. And notwithstanding all he says upon the subject, I think the judge in that case admits, after all, the whole foundation upon which the former cases rest. On page 558, he says: "And usually, in the case of a running account, it may be fairly implied that it is in pursuance of an agreement that an account may be opened and continued, either for a definite period or at the pleasure of one or both of the par-

June Term,
1860.

ties." It was suggested here that there were in fact two accounts, and there was some evidence tending to show that the plaintiff intended at first to keep this claim distinct from his general account against the defendant. We think he might have kept it out of that account if he had seen fit. There were reasons, perhaps, why he should. It constituted a claim against the vessel, for which he would have had a lien. For this reason it might very properly have been kept separate from an account composed of items for which he would have had no lien. But he suffered the time within which he might have pursued his lien to expire. And there was evidence tending to show that he afterwards blended this claim in his general account against the defendant, making one account of it. We think the instruction given by the court below fairly implies that the jury must find that this was part of the same account on which the prior suit was brought, before it would be barred. If the plaintiff claimed that there were in fact two accounts, and that this never was treated as a part of the other, the judge might have submitted that question more specifically to the jury if he had been asked to do so. But he was not. On the contrary, the point in contest on the trial seems to have been, whether, if this claim was a part of the same account on which the other suit was brought, an action could still be sustained for this by reason of its being a distinct matter from the other items. Upon that point we think the judge charged correctly, and that if the plaintiff desired to have the point more definitely submitted, as to whether this was a part of the same account, he should have asked an instruction to that effect.

The judgment is affirmed, with costs.