UNION LOAN, STORAGE & MERCANTILE COMPANY, Respondent, v. SAM FARBSTEIN, Appellant.

St. Louis Court of Appeals. Submitted on Briefs, April 6, 1910. Opinion Filed April 19, 1910.

1. TRIAL. PRACTICE: Pleading: Plea in Abatement: Separate Trial of. In an action on an account stated and also for the price of goods sold and delivered, where all matters alleged in a so-called "plea in abatement" were properly set up in the answer and amounted to nothing more than a denial of indebtedness to plaintiff, and the issue tendered by such plea, contained in the answer, was nothing more than could have been given in evidence under the general denial, a trial on such plea separate from the trial of the merits was not necessary.

2. JUSTICES' COURTS: Pleading: Account Stated. The rule requiring an allegation of defendant's promise to pay the balance found due, in an action on an account stated, does not apply in actions before a justice of the peace, where formal pleadings are not required.

3. ACTION: Splitting Causes of Action. Where transactions between parties are entirely separate and distinct, each is subject to a separate action.

4. TRIAL PRACTICE: Bill of Exceptions: Allowing Exceptions: Custom of Court. The rule that exceptions must always be saved at the time the error complained of is committed is more

immediately for the protection of the trial court, hence the action of the trial judge, pursuant to a well-understood rule that counsel were assumed to have excepted to the giving and refusing of instructions, in allowing exceptions to instructions and embodying them in the bill, which he signed, although the official stenographer's notes did not show such exceptions, will not be interfered with by the appellate court, as the signing of a bill of exceptions by the trial judge is tantamount to a finding by him that he allowed the exceptions therein contained and that they had been duly preserved.

5. **APPELLATE PRACTICE: Vexatious Appeal.** Where an appeal is taken in absolute good faith, and the points made are well argued, the statutory penalty for a vexatious appeal will not be imposed.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. C. Hitchcock,* Judge.

AFFIRMED.

*S. P. Bond, Jesse A. Wolfort* and *Keith Ryan* for appellant.

(1) The merits of the plaintiff's case are not proper subjects of inquiry on a plea in abatement, and the plea in abatement must be determined before the other issues are tried. Jordan v. Railroad, 105 Mo. App. 446; Commission Co. v. Block, 130 Mo. 668; Chouteau v. Broughton, 100 Mo. 406; Sauerwein v. Champagne Co., 68 Mo. App. 29; Byler v. Jones, 79 Mo. 261. (2) The court erred in admitting any evidence under the first count of respondent's petition over the objection and exception of the appellant, because the first count of respondent's petition does not state a cause of action, in that, the petition does not state that appellant promised to pay, and such allegation was necessary to constitute good pleading. R. S. 1899, sec. 592; Railroad v. Kimmel, 58 Mo. 83; Overton v. Overton, 131 Mo. 559; Rush v. Brown, 101 Mo. 586; Pier v. Heinrichoffen, 52 Mo. 333. (3) The court erred in not sustaining appellant's demurrer to respondent's case at the close of re-

spondent's case in chief as the evidence shows that respondent had split his account against appellant, which account amounted to more than $500, and respondent brought two cases before different justices of the peace. R. S. 1899, sec. 6517; R. S. 1899, sec. 3857; 6 Missouri Digest, 58-69; Robbins v. Conley, 47 Mo. App. 502; Dillard v. Railroad, 58 Mo. 69. (4) A corporation and an individual cannot become partners and operate a partnership business. Mallory v. Oil Works, 86 Tenn. 598; Bank v. Oliver, 62 Mo. App. 390; Hotel Co. v. Furniture Co., 73 Mo. App. 135; 2 Beach on Corp., sec. 843; Morawetz on Corp., sec. 421. (5) Instruction number one given at the instance of respondent should have been refused, because under said instruction respondent was not compelled to prove demand of payment and refusal. Ball v. Railroad, 62 Iowa 753; Palmer v. Palmer, 36 Mich. 488; Morrison v. Mullen, 34 Pa. St. 12; Jamison v. Jamison, 72 Mo. 640. (6) Defendant's instructions numbers D and 3 should have been given because under the law of this State, a justice of the peace had no jurisdiction over this cause. R. S. 1899, sec. 6517; R. S. 1899, sec. 3857; 6 Missouri Digest, 58-69; Robbins v. Conley, 47 Mo. App. 502; Dillard v. Railroad, 58 Mo. 69. (7) Instruction one should have been given for the reason that a corporation cannot engage in a partnership business. Mallory v. Oil Works, 86 Tenn. 598; Bank v. Oliver, 62 Mo. App. 390; Hotel Co. v. Furniture Co., 73 Mo. App. 135; 2 Beach on Corp., sec. 843; Morawetz on Corp., sec. 421.

*William Baer* and *C. Lew Gallant* for respondent.

(1) There was no plea in abatement before the court. Before the justice of the peace, appellant filed what he termed a plea in abatement; before trial in the circuit court, appellant filed an amended answer, in which he set up by way of defense, not by abatement, the matter contained in his so-called plea in abatement.

This constituted an abandonment of his so-called plea in abatement; indeed, the matters embraced in said plea were matters of defense. But, even if there was a plea in abatement pending, appellant waived his right to a trial on it by not demanding a separate hearing thereon before trial begun. Harrison v. Murphy, 106 Mo. App. 465. (2) Respondent's petition filed before a justice of the peace on the first count was sufficient and stated a good cause of action on an account stated. May v. Kloss, 44 Mo. 300; Lustig v. Cohen, 44 Mo. App. 271. (3) The court did not err in refusing to sustain appellant's demurrer to the evidence for the reason that respondent had split its cause of action against appellant. The evidence showed conclusively that all the matters embraced in the account stated and the transaction relative to the ring were brought in one suit. Flaherty v. Taylor, 35 Mo. 447; Railroad & Trans. Co. v. Traube, 59 Mo. 362; Hoffman v. Hoffman's Executor, 126 Mo. 497; Grocer Co. v. Taggart, 60 Mo. App. 389. (4) Respondent's instruction No. 1 states the law correctly. It has not met the approval of this court in the case of Lustig v. Cohen, 44 Mo. App. 274. There is no need of demand of payment and refusal before action may be maintained upon an account stated. Sec. 1575, R. S. 1899; Fisher v. City of St. Louis, 44 Mo. 482; Battell v. Crawford, 59 Mo. 215; Harrison v. Lakenan, 189 Mo. 581; 9 Am. and Eng. Ency. Law, p. 199. (5) The instructions in this case should not be considered here. There was no exception taken to them by appellant. The trial court can not allow exceptions to instructions unless they are saved at the time. Sec. 864, R. S. 1899; Houston v. Lane, 39 Mo. 495; State v. Westlake, 159 Mo. 669; Ritzenger v. Hart, 43 Mo. App. 183; Barnes v. Lead Co., 107 Mo. App. 613. (6) The appeal in this case is frivolous and without a shadow of merit. Every proposition advanced by appellant has been decided adversely to him scores of times; he has cited cases in his brief wholly foreign to the issue it is pretended to support. In such a case

damages should be awarded. Sec. 867, R. S. 1899; Darby v. Jorndt, 85 Mo. App. 274; Watson v. Fehlig, 59 Mo. App. 275; Mfg. Co. v. Hoff, 62 Mo. App. 124.

STATEMENT.—Plaintiff in this action, commencing it before a justice of the peace, there filed a statement containing two counts; the first founded upon what is claimed to be an account stated, the second for the value of a diamond ring. The first count set out that the defendant is indebted to plaintiff in the sum of $213.43 upon an account stated, had between plaintiff and defendant on or about February 8, 1908; that plaintiff demanded from defendant that amount; that defendant failed to pay the same; that it is now due and payable, and for which plaintiff demands judgment. The second count avers that plaintiff delivered to defendant "on memorandum," a ring of the value of $167.50; that plaintiff demanded the return of it or of its value, neither of which demands defendant complied with. Judgment is asked for the value of the ring, $167.50.

The defendant filed what he calls "a plea in abatement," in which he states by way of abatement, that the party plaintiff is not the right or lawful party to the suit; that defendant never had any business transactions with plaintiff but that all business transactions that the defendant ever had concerning the matters and things mentioned in the first and second counts of plaintiff's petition were with one Henry Gallant, wherefore defendant moves the court to determine the plea in abatement and to dismiss the cause. On judgment against him in the justice's court, defendant appealed to the circuit court and there filed his answer, which, after a general denial of all the allegations in the petition or statement, sets up for a defense for the first count, a denial that there was ever any account stated between plaintiff and defendant at any time. As a further defense to the first count, defendant "states that he

is not aware that he ever had any business transactions of any nature with said plaintiff, the Union Loan, Storage & Mercantile Company, but that he did have business transactions with one Henry Gallant, whom he has since learned was the president of the plaintiff, in the matter of a partnership during the months of November, December, 1907, and January, 1908, in which partnership property was sold for $231.25 and the expense of said partnership amounted to $263.98, leaving a loss in said enterprise in the sum of $32.75, one-half of said loss of, to-wit, $16.36, being now due and unpaid by said plaintiff, for which said plaintiff is justly indebted to said defendant."

For a defense to the second cause of action the defendant renews his statement that he was not aware that he had any business transactions of any nature with the plaintiff but that he did have with Gallant, whom he had since learned was the president of the plaintiff, and that he received the ring in question from Gallant, sold it for $162.56, for which he was allowed a commission of all over $160; that Gallant, as president of the plaintiff "or otherwise," received and accepted jewelry from defendant in the sum of $80 at one time, and merchandise in the sum of $27 at another time, and again, as president of the plaintiff "or otherwise," procured and had in his possession 18 to 25 boys' knee suits, belonging to the defendant, of the value of $2.50 each, "which suits, as president of the plaintiff or otherwise, he refused to return or account therefor." Defendant avers that there is a balance due him from plaintiff of $19.50, "for which said sum the said plaintiff is justly indebted to said defendant."

The case being called for trial before the court and jury in the circuit court, and a witness being placed upon the stand by the plaintiff, defendant's counsel objected to any evidence being introduced on the first and second counts of this petition because they do not state a cause of action nor that the defendant ever promised

to pay the plaintiff. The objection was overruled, defendant excepting, whereupon the witness, in answer to a question, gave his name, and counsel for defendant thereupon interposed the further objection to anything being tried in this case "as to the amended answer, and ask that the question of the plea in abatement be tried alone in this case." This was overruled, defendant excepting. The witness thereupon proceeded with his testimony. Evidence tending to show that the plaintiff company had been incorporated and doing business for between eleven and twelve years, at 1416 Market street, St. Louis, was introduced by plaintiff, the president of the company, Mr. Gallant, testifying that he knew defendant, had known him for twelve years; that the plaintiff company had had business with defendant in the fall of 1907, when defendant came to their store and got merchandise and also the diamond ring and some other diamonds on consignment. On the second Saturday of February, 1908, defendant came to the store of plaintiff, when what was claimed to be the account stated was made up, amounting to $219. Defendant and the men in the store of plaintiff checked off his account item by item with defendant and the amount arrived at was about $219, and defendant said he had some goods in his store which belonged to plaintiff company and he did not wish to keep the goods. He was told he might return them and they would give him credit for them, and a couple of days later he returned something like five dollars' worth of goods. Mr. Gallant asked him for a check for the amount and also for the return of the diamond ring or its value, $167.50, and defendant said that right now he did not have a dollar to his name; that he would certainly pay every dollar he owed them but they must give him a little time. There was a long examination of this witness and a very protracted cross-examination, the account between the parties and this paper called "the account stated" being introduced in evidence and also the account for the diamond ring, all

these accounts being made out on billheads of the plaintiff, and sent or delivered to defendant. Testimony of other witnesses for plaintiff tended to corroborate this. Evidence on the part of plaintiff was also to the effect that it had large gilt signs, with large, conspicuous letters, with the name of the plaintiff company in full, and signs over the front of the building and in the windows, with the plaintiff's name on them and that these were all there for between eleven and twelve years.

At the close of plaintiff's testimony the defendant interposed a demurrer to the evidence under both counts of the statement or petition which the court refused to give.

On the part of defendant there was evidence tending to show that the transactions defendant had had were with Mr. Henry Gallant and that there was nothing said as to whom he was representing, only defendant said he knew he was "the boss." Defendant testified he could not read English. He denied acceding to the account or admitting any indebtedness. While defendant was on the stand he was asked by his counsel, if he was sued for merchandise after the transactions of December 4, 1907. He said he was. The court, on motion, struck this answer out and then asked counsel for the defendant, if the question was simply whether or not there was a suit for $140 by plaintiff against defendant, another suit than the present one, and the court asked counsel whether he, in any way, connected that with the items in the account stated. Counsel answered that the only reason for offering this evidence was to show that the plaintiff had split its account, whereupon the court renewed its ruling sustaining the objection, defendant excepting. There was great conflict between the witnesses on each side, one set testifying to one state of facts and the other to another, but no substantial testimony to prove any so-called splitting of accounts. That is, the court ruled that the testimony offered on that had no tendency to prove it.

At the conclusion of the evidence the court gave two instructions at the instance of plaintiff. The first submitted the question to the jury as to whether it appeared from the evidence in the case that on or about February 8, 1908, plaintiff and defendant had an accounting and settlement, between them, and if the jury found from the evidence that a settlement had then been had between them, "and that it was found and agreed between plaintiff and defendant that the sum of $213.43 was due plaintiff by defendant, and that no part thereof has since been paid, then you will find for plaintiff and assess its damages at the sum of $213.43." The second instruction given was to the effect that if the jury found from the evidence that plaintiff delivered to defendant a diamond ring to be returned by defendant on demand and in event of failure to return the ring that defendant should pay plaintiff the sum of $167.50, if they found from the evidence that plaintiff did make demand on defendant for the return of the ring and defendant failed and neglected to return it, and if they found from the evidence that defendant has not paid plaintiff the sum of $167.50, the verdict should be for the plaintiff for that amount.

On the part of the defendant the court instructed the jury that if they found that defendant had paid plaintiff in jewelry and merchandise mentioned in his answer to the second count of the petition, and that plaintiff had received the jewelry and merchandise in payment for the ring in question, they should find against plaintiff and in favor of defendant on the second count. The defendant had asked to insert after the word "plaintiff," in the above instruction, the words "or Henry Gallant." The court, however, struck these out, defendant excepting. At the instance of defendant the court also gave three other instructions, one as to the credibility of witnesses, the other as to the burthen of proof being upon the plaintiff, and another defining what burthen of proof meant. The defendant asked a

number of other instructions which are not necessary to set out in detail, beyond saying that one of them was to the effect that if they found from the evidence that the defendant believed he was dealing with Henry Gallant and not with the plaintiff and that Gallant represented he was the party in question, interested in such transactions, and that nothing was said by him until after said transactions, that he was representing the plaintiff, they should find for the defendant on his plea in abatement. Another request of the defendant was that the court instruct the jury that if they found from the evidence that plaintiff split its account, or accounts, and sued before the justice of the peace in the city of St. Louis on them, the plaintiff cannot maintain this suit. Another was to the effect that if the jury found that the account sued on in the first count was on the partnership venture of the plaintiff and defendant and that the partnership did not sell and take in enough to pay the expenses of the partnership venture and that plaintiff is indebted for its part of the expense of the partnership venture, the jury should find for the defendant on the first count of the petition. Another instruction was to the effect that although the jury might find from the evidence that there was no partnership agreement between plaintiff and defendant, before they could find for plaintiff on the first count, they must first find that there was an account stated on the 8th of February, 1908, between plaintiff and defendant, and that the defendant agreed that the account stated in the first count of the plaintiff's petition was true and that he then and there agreed to pay the account so stated. Another instruction asked was to the effect that a person who has an account against another for over five hundred dollars cannot split his causes for the purpose of bringing them in a justice of the peace court, and if the jury believe that at the time of the commencement of the suit in question the

plaintiff claimed that defendant owed him on various accounts a sum exceeding five hundred dollars, they cannot find for plaintiff in this cause but must find for the defendant. Finally, the court was asked to instruct the jury that a corporation cannot enter into a partnership agreement with an individual and that if they believed from the evidence that the plaintiff entered into a partnership agreement to carry on a store on "Dago Hill," the court instructs the jury that such an agreement was and is void and plaintiff cannot recover on the first count of its petition.

The bill of exceptions in the record shows that the defendant duly saved exceptions to the refusal of the court to give the instructions asked by him and to the giving of the instructions which were given at the instance of plaintiff. When the bill of exceptions was being made up plaintiff moved to strike out this notation of these exceptions, introducing the official stenographer, who testified that when the court passed on the instructions, counsel for defendant, so far as shown by his notes, had said nothing about excepting. The trial judge, however, overruled the motion and permitted the notation of exceptions to stand in the bill of exceptions, stating that he did so for the reason "that it is always customary to consider exceptions saved by defendant to all instructions given on behalf of plaintiff, and exceptions saved by plaintiff to all instructions given on behalf of defendant." This ruling was excepted to by the plaintiff. After filing a motion for new trial and also one in arrest, both of which were overruled and exceptions saved, defendant has brought this case here on appeal.

REYNOLDS, P. J. (after stating the facts).—The points relied on in the brief of counsel for appellant are: First, that the merits of the plaintiff's case are not proper subjects of inquiry on a plea in abatement, and the plea in abatement must be determined before the

other issues are tried; second, that the court erred in admitting any evidence under the first count of respondent's petition, because the first count does not state a cause of action in that it fails to state that the defendant promised to pay, and that such allegation was necessary to constitute good pleading; third, that the court erred in failing to sustain the demurrer interposed by appellant at the close of plaintiff's case in chief, as the evidence showed that respondent had split its account against appellant; fourth, that a corporation and an individual cannot become partners and operate a partnership business; fifth, that the instructions given at the instance of respondent should have been refused because under said instructions respondent was not compelled to prove the demand of payment and refusal; sixth, defendant's instructions on the issue as to whether plaintiff had split its account and the instruction to the effect that a corporation could not engage in a partnership business were improperly refused.

Taking up these assignments in their order, it is sufficient to say that what is called a "plea in abatement" and which was filed with the justice of the peace, had no place here. All the matters set up in that were in the answer and properly so, for considering the averments in this so-called plea in abatement as most favorable to defendant, they, in law, amount to nothing more than a denial of indebtedness of the defendant to plaintiff, and the issue tendered by this so-called plea in abatement contained in the answer was nothing more than could have been given in under the general denial and did not require or justify a separate trial from the trial of the merits. It may also be said that this denial of any dealing with the plaintiff and averment that all the dealings were with Mr. Gallant, are hardly consistent with the parts of the answer which set up counterclaims in favor of defendant and against the plaintiff. Consistency is very important when one appeals to a court for relief.

As to the second proposition that it was error to admit any testimony under the first count because it did not state that appellant had promised to pay, a complete answer to that is contained in the decision of this court in the case of Lustig v. Cohen, 44 Mo. App. 271, where Judge ROMBAUER, speaking for this court, and referring to the case of Newberger v. Friede, 23 Mo. App. 631, and May v. Kloss, 44 Mo. 300, says that while it is necessary in an action in the circuit court to state in the petition, when declaring on a stated account, that the defendant promised to pay the balance as found to be due, that this rule does not apply in actions brought before a justice of the peace where formal pleadings are not required.

As to the third proposition, that the court erred in not sustaining appellant's demurrer because the evidence shows that respondent had split its account against appellant, it is sufficient to say that there is no evidence to justify any such instruction. There was no proof of any splitting up of a single cause of action, within the meaning of the rule which forbids that. According to the defendant's own testimony, the transactions between him and plaintiff were entirely separate and distinct. They were divisible; each demand or transaction was subject to a distinct and separate action. [Flaherty's Admr. v. Taylor, 35 Mo. 447; Alkire Grocer Co. v. Tagart, 60 Mo. App. 389.] As to the remaining points covering alleged errors in refusing instructions, it is sufficient to say that they were properly refused. They either did not state the law correctly, or were covered by those given, or were not supported by evidence in the case. Nor is there any error in the action of the court in the instructions which it gave at the instance of the plaintiff. They stated the law in a very concise and absolutely correct form as applicable to the facts in this case. Plaintiff's counsel urge that the exceptions noted in the bill of exceptions before us, to the giving and refusal of instructions, are not properly in that bill.

While it is true that exception must always be saved at the time when the error complained of is committed, it is to be borne in mind that this rule is more immediately for the protection of the trial court. The learned trial judge in this case, in overruling the motion to strike out these exceptions, announced that it was the well understood rule of his court that counsel were assumed to have excepted to the ruling of the court in the giving and refusal of instructions. This was a matter ordinarily so entirely within the discretionary power and control of the trial judge that when following that custom he has allowed the exceptions and embodied them in the bill which he has signed, this court will not interfere with or comment on that action in any way, further than to say that it was entirely within his power to do so. As presented in the bill of exceptions here before us, it is tantamount to a finding by the learned trial judge that he allowed exceptions and that they had been duly preserved.

We are not deciding that if the bill of exceptions fails to note exceptions to rulings or acts at the trial or in the progress of the cause, we will allow it to be corrected here by showing that the rules of court assumed that exceptions had been taken to all adverse rulings. We are placing this decision on the facts here in the record, and on no other supposable case.

We are asked to inflict the statutory penalty for a vexatious appeal in this case. While we have disposed of the points made by the learned counsel for the appellant in rather a summary manner, we have done so because we think they are traveling over ground, the law of which is fairly well defined, as covering the points that they have made. Evidently the appeal in this case was taken in absolute good faith and the points made are well argued. It does not present a case calling for the infliction of the statutory penalty for vexatious appeal. The judgment of the circuit court is affirmed. All concur.