FULLERTON LUMBER COMPANY, Appellant, v. CHARLES P. MASSARD, Adm'r, Respondent.

Kansas City Court of Appeals, May 16, 1910.

1. **APPELLATE PRACTICE: Presumption of Regularity of Proceedings: Splitting Cause of Action: Res Adjudicata.** Plaintiff had an account against the estate of Joseph Massard, of which deceased was administrator, the amount of the claim being $1582.43. The claim was allowed in the sum of $1497.43 in the probate court. Prior thereto plaintiff had a claim of $295.40 allowed against the same estate in the probate court. All of the items of both accounts were due at the time of the filing of the first claim. On appeal of the larger claim to the

circuit court the matter was referred, and the defendant contended before the referee that the judgment on the small account barred action on the items contained in the larger account. To meet this contention the plaintiff filed an amended petition dividing the claim into two counts, and contended that $921.92 of the account was sold by plaintiff while it was a copartnership (the claim thereafter being assigned to plaintiff), and $660.46 of the account was sold by plaintiff after it became a corporation; and that the original claim of $295.40 was sold by the corporation and split off of the rest of the corporation account at the special request of Joseph Massard. Plaintiff's contentions were upheld by the referee, but were disallowed by the circuit court, which failed to find that during the running of the account plaintiff changed from a partnership to a corporation, and failed to find when the items of the demand allowed by the probate court were furnished, or that defendant consented to the splitting of plaintiff's cause of action. On appeal to this court the evidence was not preserved. Under such circumstances this court can only say that plaintiff split the cause of action, recovered judgment on a part, and thereby barred its right to recover on the balance.

2. ———: ———. Where the evidence is not preserved in the record on appeal, every inference must be indulged in favor of the judgment that the face of the record will permit.

3. TRIAL PRACTICE: Referee: Right of Court to Set Aside Report: The court appointing a referee may set aside his report and make its own findings.

4. ———: ———: ———: Status of Referee. The referee's power is limited to recommending a judgment. He can aid but he cannot bind the judge.

5. SPLITTING CAUSE OF ACTION. A plaintiff cannot divide a single cause of action into several parts and present it for allowance piecemeal.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED.

*S. S. Wilson, Culver, Phillip & Spencer* for appellant.

*Imbrie & Brown* for respondent.

JOHNSON, J.—This action was begun November 6, 1906, in the probate court of Buchanan county, by the filing of a demand of $1582.43, in favor of the Fullerton Lumber Company, a corporation, and against the estate of Joseph Massard, deceased. The demand was an open account for lumber and materials sold by plaintiff to Massard between January 3, 1901, and July 24, 1905, and the account contained several hundred debit and credit items. Plaintiff was allowed $1497.43 on the demand by the probate court and defendant appealed to the circuit court. On motion of plaintiff and over the objection of defendant, the cause was referred to a referee "to hear the evidence and make findings of fact and conclusions of law and to report the same to this court," etc. After the cause was referred, and before the referee filed his report, plaintiff filed an amended petition in which, for the first time, the attempt was made to divide the running account into two separate and distinct causes of action. The first of these alleged causes embraced the items of the account between the dates of January 3, 1901, and July 8, 1903, and on these items, plaintiff demanded the sum of $921.92 against the estate. The second cause was founded on the items from July 8, 1903, to July 24, 1905, and judgment for $660.46 was prayed on that account. These two causes are made the subject of separate counts and the reason plaintiff gives for the separation of the account into two causes is that plaintiff was a copartnership prior to July 8, 1903, and after that date, transacted business as a corporation. It is alleged that the indebtedness due the partnership was sold and assigned to the corporation July 8, 1903.

The principal defense is found in the following paragraph of the answer: "Defendant states that before the filing of this cause against the defendant, the plaintiff had instituted suit in probate court against the defendant and had recovered from the defendant its account or demand against the estate of Joseph M.

Massard, and at the time of instituting said suit all of the demands upon which the plaintiff is now suing had accrued and were due and payable if they were just demands; and that a portion of the account filed in this case was filed and recovered in the suit formerly instituted in probate court; and that therefore by splitting its demand or account and suing formerly upon only a part, the plaintiff has waived and lost whatever additional demand it might have had growing out of its transaction with the said Joseph M. Massard."

It is conceded that on June 12, 1905, plaintiff filed a demand in the probate court for $295.40 against the defendant estate and that this demand consisted of a part of the present account. Plaintiff was allowed the full amount of that demand before the institution of the present action.

In two ways plaintiff attempts to parry the defense of a splitting of the cause of action: First, counsel say that the account on which judgment was rendered by the probate court for $295.40 contained only items for sales of lumber and material made by the corporation after July 8, 1903, and, therefore, that the judgment could not affect the cause of action in the first count which had accrued to the partnership before that date; and, second, that it could not defeat the second count for the reason that the splitting of that cause of action was done by plaintiff at the specific request of defendant. In the report of the referee these contentions of plaintiff are approvingly recognized, both in the findings of fact and conclusions of law, but the difficulty with plaintiff's position before us is that the trial court sustained the exceptions of defendant to that report; set it aside *in toto* and, on the evidence, made new findings of fact and conclusions of law which give plaintiff no ground on which to predicate either contention and which, in the condition of the record in respect of the facts, compel us to accept the court's findings of fact as conclusive. Plaintiff failed to preserve

any of the evidence in the record and we must indulge every inference in favor of the judgment that the face of the record will permit. The trial court rejected the findings of fact contained in the report of the referee, and we must assume that the evidence before the court fully sustained that action. Of the right of the court to set aside the report and to make findings of its own from the evidence, there can be no question. [Utley v. Hill, 155 Mo. 232; Bank v. Donnell, 172 Mo. l. c. 402; Roth v. Wire Co., 94 Mo. App. 265.]

It is held in Utley v. Hill: "It was hence entirely competent for the trial court, in the case at bar, to set aside the finding of the referee in favor of plaintiff, and then to find for the defendants upon the evidence reported by the referee. This is the true rule; for while this court, on appeal, has always treated the report of a referee as a special verdict, and refused to disturb it if there was substantial evidence to support it (Berthold v. O'Hara, 121 Mo. l. c. 97), still the power of the circuit court is very different; for in such cases, a jury being waived, the case is triable before the court, and because the court has not the time to try such cases it calls in the aid of a referee to take the testimony. The referee's power is limited to recommending a judgment. The duty and responsibility as to the judgment rests upon the court. The referee can aid, but not bind, the judge. And, with all the evidence before the court, it would be a useless and expensive proceeding to refer the case to the same or another referee; for, perchance, the referee would find the facts the same way again, and so the expensive luxury would have to be repeated, until some referee could be found who would find the facts as the judge all the while believed they should be found, and as he could and should have found them upon the coming in of the first report."

The court found as a fact "that all lumber and materials' sold by the plaintiff to defendant constitutes one general account; that prior to the institution of this suit, to-wit, on the 12th day of June, 1905, plaintiff caused to be presented to the probate court of Buchanan county, certain items of said general account constituting a portion thereof, amounting to the sum of $295.40, . . . and the probate court . . . allowed said claim as a demand against the estate," etc. The court did not find that during the running of the account plaintiff changed from a partnership to a corporation, nor did the court state when the items of the demand allowed by the probate court were furnished by plaintiff to Massard, nor that defendant consented to the splitting of plaintiff's cause of action. All of the facts now invoked by plaintiff are drawn from the report of the referee—none from the findings of the court. We cannot consider them, but, giving proper weight to the findings and the judgment of the court, must say that the only facts we can consider are that plaintiff had an account of $1562.43 against the estate and that without the consent of defendant and before the institution of this suit, it split its demand and recovered judgment in the probate court for a part of the demand and now seeks to recover the remainder in a subsequent action. Plaintiff's demand consisted of a single cause of action and under the maxim *"nemo bis vexari pro eadem causa,"* this cause could be made the subject of but a single action. Plaintiff could not divide it into several parts and present it for allowance piecemeal. [Donnell v. Wright, 147 Mo. 639, and cases cited.]

It is apparent the attempted separation of the account into two causes of action was a maneuver to escape the defense of *res adjudicata.* The judgment is affirmed. All concur.