DONALD A. LOYLESS, Doing Business Under the
Name of SOUTHERN CARBONATOR AND BOT-
TLER, Respondent, v. E. MASON ROBERTS, Ap-
pellant.

St. Louis Court of Appeals.  Opinion Filed June 12, 1923.

1. **APPELLATE PRACTICE:** Bill of Exceptions: Failure of Abstract
to Show Filing: Record Proper Before Court: Appeal Not Dismissed.
Where an abstract before the Court of Appeals does not show that
any bill of exceptions was ever filed, but contains, in addition to
an abstract of the record proper, matters which belong in a bill of
exceptions, there is nothing before the court but the record proper;
but the record proper being properly before the court, a motion to
dismiss the appeal will not lie.

2. **ACTIONS:** Splitting Causes of Action: Separate Transactions:
Separate Actions Maintainable. In an action to recover certain
balances alleged to be due plaintiff from defendant for advertising,
where the evidence shows that plaintiff kept separate accounts of
advertising done on behalf of defendant for each of five different
concerns, charging each so-called company with the advertising
done in connection with the business conducted by defendant un-
der such company name, and that defendant knew and intended
that the accounts be so kept, as separate transactions, and gave
directions as to the application of payments on the various ac-
counts, *held* that a finding of facts by the trial court that the con-
tract for such advertising made by defendant for the five respec-
tive concerns was intended by the parties to be a separate and
distinct transaction as to each concern, constituting separate de-
mands or causes of action, was supported by substantial evidence
and consequently conclusive on the appellate court.

3. ————: ————: Single Demand: Cannot be Split Into Several Causes
of Action. A single cause of action, or an entire claim or demand,
cannot be split up or divided so as to be made the subject of two
or more different actions.

4. **JUDGMENTS:** Single Demand: Judgment for Part Bars Action on
Remainder. If separate suits be brought for different parts of a
claim or demand constituting a single cause of action, a judgment
upon the merits in one will absorb and destroy the whole cause of
action and operate as a bar to the prosecution of the other suits.

5. **ACTIONS:** Splitting Causes of Action: Running Account: Separate Actions: When Maintainable: Rule Stated. In the absence of special controlling circumstances, an open or continuous running account between the same parties constitutes a single and indivisible demand, the aggregate of all the items of the account constituting the amount due and creates a single cause of action which cannot be split; but the rule is otherwise where it affirmatively appears that the parties regarded the different items of the account as separate transactions and not as parts of an ordinary running account.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Victor H. Falkenhainer,* Judge.

AFFIRMED.

*Joseph F. Lindsay* and *Frank J. Quinn* for appellant.

*Koerner, Fahey & Young* for respondent.

Parties, by their understanding and agreement, can assume separate and distinct obligation, and for the breach of these distinct contracts separate causes of action arise. 1 R. C. L. 342; Union L., S. & M. Co. v. Farbstein, 148 Mo. App. 228; Alkire Grocery Co. v. Tagart, 60 Mo. App. 389; Baumhoff v. St. Louis & Kirkwood R. R. Co., 205 Mo. 248; Union R. & T. Co. v. Traube, 59 Mo. 355; Secor v. Sturgis, 12 N. Y. 528; Johnson v. Putle, 1 Swan (Tenn.) 262; Borngesser v. Harrison, 12 Wis. 544; Morrison v. De Donato, 76 Mo. App. 647.

ALLEN, P. J.—The petition herein is in four counts, to recover certain balances alleged to be due plaintiff from defendant for advertising done by plaintiff for defendant in a magazine published monthly by plaintiff in Atlanta, Georgia. Defendant is a resident of the City of St. Louis, and, at the time here involved, was engaged in the business of manufacturing and selling "soft drinks" under various trade names. It appears that defendant conducted, in effect, five separate "busi-

nesses" which he operated under the following names, viz.: "American Beverage Company," "Florida Fruit, Oil & Extract Company," "Brother Weiser Company," "Scotch Hop Ale Company" and "Cherry Nectar Company;" and that he referred to these as different "companies." Defendant contracted with plaintiff for certain advertising in plaintiff's magazine, and for a period of about three years plaintiff published advertising matter furnished by defendant, advertising the products dealt in by defendant's said "companies." There is no dispute as to performance on plaintiff's part. It appears that plaintiff kept separate accounts of the advertising done for or in behalf of the various businesses or enterprises of defendant, in the name of each so-called company; and that defendant made payments on these accounts from time to time. In 1916, defendant having failed to pay balances due on the five accounts thus kept by plaintiff, five suits were instituted by plaintiff against defendant before a justice of the peace in the City of St. Louis. One of these suits—that involving the account carried by plaintiff in the name of the Cherry Nectar Company—went to judgment against the defendant, and defendant satisfied that judgment. It appears that the remaining four cases before the justice of the peace were dismissed by plaintiff, and that thereafter the present action was brought in the circuit court of the city of St. Louis to recover the respective balances alleged to be due plaintiff on the remaining four accounts thus carried by plaintiff on his books.

The cause was tried before the court without a jury, a jury having been waived, resulting in a judgment for plaintiff on each of four counts of the petition, with interest; the total judgment being $953.35. From this judgment the defendant prosecutes the appeal before us.

At the outset, we are met with a motion of plaintiff, respondent here, to dismiss the appeal for the reason that the abstract before us does not show that any bill of exceptions was ever filed. The abstract, indeed, makes no reference to any bill of exceptions, but contains, in

addition to an abstract of the record proper, matters which belong in a bill of exceptions. It is fair to appellant to say that this court was apprised of the difficulty encountered by appellant in preparing a bill of exceptions owing to the loss of the court reporter's notebook containing his stenographic notes of the testimony below; and for that reason the cause was passed from time to time in this court. However, it appeared from statements of counsel that plaintiff's case was tried below upon depositions and exhibits, the only oral testimony adduced being that of defendant; and, being apprized of the single question which appellant sought to have reviewed here, we endeavored to suggest a course whereby this might be done. It now appears that appellant's counsel subsequently filed this purported abstract of the proceedings below (other than defendant's testimony) under the mistaken impression that an understanding was had whereby the cause might be thus presented here without the filing below of a bill of exceptions. There is therefore, properly speaking, nothing before this court but the record proper. On the other hand, respondent's motion to dismiss the appeal will not lie, since, in any event, the record proper is here before us. That motion will be therefore overruled.

There is no contention that there is any error in the record proper, and we perceive none. And we would be warranted in affirming the judgment without looking to anything but the record proper. However, the single question upon which appellant relies for a reversal of the judgment below has been briefed by both parties in the light of what appears by appellant's purported abstract of the proceedings below; and under the circumstances it may be well to point out that, in our judgment, no different result would be reached were the entire proceedings below properly brought before us.

It is defendant's contention that plaintiff had one cause of action against defendant; that "defendant was indebted to plaintiff on a running account, under and by virtue of a written contract or order;" and for any

balance due upon this account plaintiff had a single and indivisible cause of action; and that by instituting suit against defendant, before the justice of the peace, for a part of such account (that carried by plaintiff in the name of the Cherry Nectar Company) and reducing the same to judgment, the whole account became merged in that judgment, which operated as a bar to the maintenance of the present suit. Touching that matter the trial court, upon defendant's written request, made the following findings of fact and conclusions of law, viz.:

"Findings of Fact:

"The court finds the facts to be that on iAugust 8, 1916, the plaintiff and defendant entered into a certain contract whereby plaintiff agreed to publish in the Southern Carbonator and Bottler, a trade journal published in Atlanta, Georgia, a series of advertisements to occupy forty-eight pages, within a space of twelve months, such advertisements to be published in accordance with copy to be submitted and furnished by defendant. The court further finds that the defendant agreed to pay for these advertisements at the rate of $20 per page per month, payable monthly after publication of first issue. The court further finds that the parties agreed that the advertisements should be distributed among the 'five several concerns which the defendant was conducting, to-wit, the 'Cherry Nectar Company,' the 'American Beverage Company,' the 'Florida Fruit, Oil and Extract Company,' the 'Brother Weiser Company,' and the 'Scotch Hop Ale Company,' and that the several advertisements should be charged to the several concerns at the rate contracted for. The court further finds that the defendant knew that these accounts were separately kept and separately charged to the several respective concerns.

"The court further finds that the advertisements were published from said August 8, 1916, to and including August 8, 1917, and that the price charged is a reasonable price for same.

"The court further finds that although the order or contract in this case was entered into by the parties at one

time and by defendant for the several concerns, yet it was distinctly understood and intended by the parties that it should be a separate and distinct transaction as to each of the five respective concerns.

"Conclusions of Law:

"The court concludes as a matter of law that there was no splitting up of a cause of action, but separate and distinct individual transactions, and, therefore, this cause is not *res adjudicata* because of the judgment entered in the case of Donald A. Loyless, doing business as the Cherry Nectar Company, by Hon. Roger E. Gorman, Justice of the Peace for the Fifth District of the city of St. Louis, Missouri, one June 3, 1918.

"It is therefore ordered that judgment be entered for plaintiff as set out in instruction given for plaintiff, together with costs of this action."

In our opinion there is substantial evidence to sustain the court's finding. It is undisputed that plaintiff kept the accounts separate, charging each so-called company with the advertising done in connection with the business conducted by defendant under such company name. That defendant knew this and intended that the accounts be so kept, as separate transactions, appears from certain letters written by defendant to plaintiff. In one of these defendant says: "I beg to acknowledge receipt of your recent letter enclosing statement of our various accounts. . . . I am anxious to settle up all of the old balances and am sending you on the respective companies' checks for the accounts as per statement attached." . . . "I do not find in the file all of the invoices for the Brother Wiser Company and do not know what could have become of them. You will kindly send duplicates." Other letters of defendant refer to "invoices" sent to defendant by plaintiff. One has reference to the distribution of a payment by defendant "among the various companies," and others give directions as to the application of payment on the various accounts.

Whatever may have been defendant's testimony as to the matter, we think that it is entirely clear that the

court's finding as to the facts is supported by substantial evidence, and is consequently conclusive here. There remains, therefore, only the question of the correctness of the court's conclusions of law upon the facts so found.

It is elementary that a single cause of action, or an entire claim or demand, cannot be split up or divided so as to be made the subject of two or more different actions. And if this be attempted, and separate suits be brought for different parts of such claim or demand, a judgment upon the merits in one will absorb and destroy the whole cause of action and operate as a bar to the prosecution of the other suits. The reason commonly given for the doctrine is expressed by the maxim that no one may be twice vexed for one and the same cause. (*Nemo debet bis vexari pro una eadem causa.*) This rule of law is based upon principles of public policy, having for its object the prevention of the hardship and inconvenience incident to repeated and unnecessary litigation. It does not prevent a plaintiff from suing for less than his entire demand, but if he does so he is precluded from maintaining another action for the remainder thereof. [See: See v. See, 242 S. W. 949; Bircher v. Boemler, 204 Mo. 554, 103 S. W. 40; Peper Automobile Co. v. St. Louis Union Trust Co., 187 S. W. 110; Keller v. Olson, 187 Mo. App. 469, 173 S. W. 28; 1 Corpus Juris, 1106, 1107.]

While the general rule against the splitting of a single cause of action is well settled, difficulty is frequently encountered in determining whether the dealings between the parties are such as to give rise to one entire demand or to two or more which may be the subject of separate actions. The weight of authority appears to be in favor of the ruling that, in the absence of special controlling circumstances, an open or continuous running account between the same parties constitutes a single and indivisible demand, the aggregate of all the items of the account constituting the amount due. [Fullerton Lumber Co. v. Massard, 144 Mo. App. 61, 128 S. W. 831; Bircher v. Boemler, supra; Peper Automobile Co. v. St. Louis Union Trust Co., supra; 1 Corpus Juris,

p. 113.] But it is said that the rule is otherwise where it affirmatively appears that the parties regarded the different items of the account as separate transactions and not as parts of an ordinary running account. [See: Union Loan, Storage & Mercantile Co. v. Farbstein, 148 Mo. App. 216, 127 S. W. 656; 1 Corpus Juris 113.] "And there may also be, even between the same parties, distinct and separate running accounts upon which separate actions may be maintained." [1 Corpus Juris, supra.] [See also; Johnson v. Pirtle & Stout, 1 Swan (Tenn.) 262; Borngesser v. Harrison, 12 Wis. 544; Secor v. Sturgis, 16 N. Y. 548.]

In the instant case we think that the court was warranted in finding that there were five separate and distinct running accounts between plaintiff and defendant, so recogized and dealt with by both parties, and that the court did not err in holding that each such account could give rise to a separate demand and constitute the subject-matter of a separate cause of action.

It follows that the judgment should be affirmed, and it is so ordered. *Becker* and *Daues, JJ.*, concur.