EMELIE MEYEROTTO, APPELLANT, v. ESTATE OF CAROLINE ROMMEL, DECEASED, RESPONDENT.—49 S. W. (2d) 1081.

Kansas City Court of Appeals. May 23, 1932.

*John P. Peters* for appellant.

*J. Richard Garstang* and *Marion R. Garstang* for respondent.

BLAND, J.—This proceeding, arising in the probate court of Osage county, is to establish a claim in the sum of $1159 in favor of plaintiff against the estate of Caroline Rommel, deceased. The claim was allowed in the sum of $800 in the probate court and the executrix of the estate appealed. The circuit court sustained defendant's plea of *res adjudicata* and dismissed the appeal. Plaintiff has appealed.

The claim in question reads as follows:

"The Estate of Caroline Rommel, Deceased, to
    Emilie Meyerotto, Dr., 1930          Dolls.  Cts.

"To nursing deceased, waiting upon her, giving her medicines, running errands for her and caring for in sickness and ill health during the period beginning March 28th, 1927, and ending July 30th, 1930, a total of 1159 days, at $1.00 per day      $1159.00

"All of said services done at the request of said Caroline Rommel, during her lifetime and in her last illness."

In the bill of exceptions we find a pleading by the executrix, which was filed in the probate court, misnamed in the caption A Plea in Abatement. Upon its face it shows itself to be a plea of *res adjudicata* or a plea in bar. This document recites that, on August 9, 1930, claimant filed a demand against the estate in the sum of $46 to cover payment in full for "room and board" furnished deceased, which demand, on August 25, 1930, was duly allowed and classed "in the fifth class;" that the claim has been fully satisfied; that plaintiff is attempting to split her cause of action in that she has heretofore recovered against the estate on said demand for room and board; that when the present claim was filed, "the subject matter of this demand had been fully adjudicated and settled and is now and was at that time *res adjudicata.*"

To this pleading plaintiff filed, in the probate court, an answer setting up that deceased came to the home of plaintiff on or about March 28, 1927; that she made and entered into an agreement with plaintiff to furnish room, board, washing and ironing to her at an agreed price of one dollar per day, which deceased had fully paid for at her death, except a balance of $46, which was for a balance due under said expressed agreement "and had no reference to any item or items claimed or demanded in her present claim," but that the present claim is founded upon an implied contract for nursing deceased, etc., beginning March 28, 1927, and ending July 27, 1930.

The $46 claim is as follows:

"The Estate of Caroline Rommel, deceased, 1930,

| | $ Cts. |
|---|---|
| To Mrs. H. H. Meyerotto, Dr. | |
| "July 1 To board for month of June at $30.00 | 30.00 |
| "Aug. 10 To rent of room from July 1st to Aug. 10th | $16.00" |
| Total | $46.00." |

This claim was allowed on August 25, 1930. The present claim was filed on December 30, 1930, and allowed on April 17, 1931.

There was no testimony offered in support of the plea of *res adjudicata.* In support of the judgment of the circuit court it is claimed by defendant:

"In this case, the deceased, Caroline Rommel, engaged room and board from claimant, Emilie Meyerotto, during the term covered by the demand now sued on. During that time she paid from month to month the agreed rent and board. Upon her death there was an unpaid balance due for room rent and board of $46. Claimant filed a demand for room rent, $16 and for board $30, which demand was allowed, and paid. Now she comes before the court with a second demand, against the same party, covering the same time, growing out of the same transaction and which was fully accrued at the time the first demand was filed. She has brought an additional suit for additional services, the items of which should have been included in the first demand."

We think that defendant is in error in *assuming* that these two claims arose out of the same transaction. There is nothing in the record to so show. The burden was upon defendant to introduce evidence to sustain the contention that the allowance of the original claim is *res adjudicata*. [34 C. J. 1070.]

It is well settled that a single demand cannot be split and separate suits maintained for the various parts thereof. The difficulty encountered is in determining whether a demand is single and entire, constituting but one cause of·action, or arises out of two or more separate and distinct causes of action. [See Peper Automobile Co. v. St. Louis Union Trust Co., 187 S. W. 109, 111; Loyless v. Roberts, 212 Mo. App. 55, 61; Keller v. Olson, 187 Mo. App. 469; Sprinkle v. Fleming, 209 Mo. App. 405; Alkire Grocer Co. v. Tagart, 60 Mo. App. 389; State ex rel. v. Knehans, 31 S. W. (2d) 226, 229; Funk v. Funk, 35 Mo. App. 246; Bircher v. Boemler, 204 Mo. 554; Gooldy v. Lavender, 16 S. W. (2d) 681.]

The rule in reference to splitting demands "has no application when the demands sued for in the separate suits arise out of separate and distinct contracts or transactions. The rule which determines whether a party has only a single and entire cause of action for all that is due him and which must be sued for in one action or has a severable demand for which he may maintain separate suits is whether the entire amount arises from one and the same act or contract or the several parts arise from distinct and different acts or contracts." [Keller v. Olson, supra, 1. c. 473.]

"When there is an account for goods sold or labor performed, where money has been lent to, or paid for, the use of a party at different times, or several items of claim spring in any way from contract, whether one only or separate rights of action exists, will, in each case, depend upon whether the case is covered by *one* or *separate contracts*. The several items may have their origin in one contract, as on an agreement to sell and deliver goods, or perform work, or advance money; and usually in the case of a running

account it may be fairly implied that in pursuance of an agreement an account may be opened and continued either for a definite period or at the pleasure of both the parties. But there must be either an *express contract, or the circumstances must be such as to raise an implied contract embracing all the items to make them, when they arise at different times, a single or entire demand or cause of action."* [Alkire Grocer Co. v. Tagart, supra, l. c. 393, 394.]

"The weight of authority appears to be in favor of the ruling that, in the absence of special controlling circumstances, an open or continuous running account between the same parties constitutes a single and indivisible demand, the aggregate of all the items of the account constituting the amount due. [Fullerton Lbr. Co. v. Massers, 144 Mo. App. 61, 128 S. W. 831; Bircher v. Boemler, supra; Peper Automobile Co. v. St. Louis Union Trust Co., supra; 1 C. J. 113.] But it is said that the rule is otherwise where it affirmatively appears that the parties regarded the different items of the account as separate transactions and not as parts of an ordinary running account. [See: Union Loan, Storage & Mercantile Co. v. Farbstein, 148 Mo. App. 216, 127 S. W. 656; 1 C. J. 113.] 'And there may also be, even between the same parties, distinct and separate running accounts upon which separate actions may be maintained. [1 C. J., supra.] [See also: Johnson v. Harrison, 12 Wis. 544; Accor v. Sturgis, 16 N. Y. 548.]" [Loyless v. Roberts, supra, l. c. 61, 62.]

The fact that the two accounts may be running at the same time does not necessarily determine that the two constitute the same demand. [See Wheless v. Serrano, 121 Mo. App. 17.] "If the two fees accrued under separate and distinct contracts of employment respondent might have united them in one suit, but was not bound to do so. They represented causes of action which he had the right to maintain separately." [Wheless v. Sarrano, supra, l. c. 23.] See also Muir v. Kalamazoo Corset Co., 155 Mich. 624.

We have examined the cases of Bircher v. Boemler, supra, and Gooldy v. Lavender, supra, cited by defendant and find them not in point. In the former case all of the demands grew out of the same contract, which was an expressed contract made with the deceased by the claimant. In the latter case facts *aliunde* of the written claims themselves were developed. It appears from what was said in the opinion in that case that the two demands grew out of the same contract or transaction. Whether the demands in the case at bar are, in fact, one in the sense that would prohibit plaintiff from prosecuting both without violating the rule against splitting causes of action, would depend entirely upon evidence *aliunde* of the record. They do not appear upon their face to have grown out of the same contract or transaction and there is nothing in the

"answer" filed by plaintiff in the probate court admitting that they did. We think, under the circumstances, the court erred, and the judgment should be reversed and the cause remanded. It is so ordered. All concur.