ZELPHA HOFFMANN GRUE, Appellant, v. C. F. HENSLEY, Administrator of the Estate of WILLIAM F. WORTMANN.—No. 40616.—210 S. W. (2d) 7.

Division Two, March 8, 1948.

Motion for Rehearing or to Transfer to Banc Overruled, April 12, 1948.

*Howard Elliott, Aubrey B. Hamilton* and *Herman L. Stolte* for appellant.

594

*Joseph T. Tate* for respondent.

ELLISON, J.—This is an appeal from a judgment of the circuit court of Gasconade county (on appeal from the probate court) sustaining a motion of the respondent administrator of the estate of William F. Wortmann, deceased, to dismiss a probate demand for $13,910 against said estate, filed by the appellant Zelpha Hoffmann Grue. The ground alleged in the motion was that the demand split a cause of action against the estate growing out of a single transaction, in that appellant had filed earlier that year another demand against the estate based on the same transaction, which had been compromised and allowed. There are only two questions in the case: (1) whether the trial court's judgment was erroneous on the face of the record; (2) or whether the court should have reserved its ruling on the administrator's motion until it had heard the cause on the merits, and then made its decision.

The facts seem to be that the intestate was old and decrepit, but operated a farm and a store at Rosebud. The appellant resided at his home for several years, rendered some nursing and domestic service to him and clerked in his store until his death in December, 1945. His estate was administered in the probate court of Gasconade county. Within due time, in August, 1946, appellant filed her first demand aforesaid, which merely stated an account against his estate for $441.32, consisting of eleven items covering insurance and taxes she had paid for him out of her own funds between February 8, 1944 and August 7, 1945. It contained the affidavit required by Sec. 192, R. S. Mo. 1939-Mo. R. S. A. that she had given credit to the estate for all payments and offsets to which it was entitled, and that the balance claimed was justly due. That demand was taken up by [9] the probate court in October and its judgment recited appellant agreed to "accept the sum of $150 as payment in full on said demand of all her claims against said estate." The court approved the compromise and ordered the administrator to pay it, which he did.

Thereafter on or about December 7, 1946, only five days before the expiration of the one year allowed by Sec's 182, 196 for filing probate demands, the appellant filed her second demand, here involved. It contained five paragraphs, stating an account for services rendered the deceased aggregating $13,910.00. It started: "To services rendered by claimant to William F. Wortmann, deceased, from February 14, 1942, to December 7, 1945, as follows:" The first paragraph detailed nursing and personal services; the second, do-

mestic services; and the third, management and operation of his store. The fourth paragraph was as follows (italics ours): ''Complete management of all personal and business affairs of deceased, including collection of rents, banking, *payment of obligations*, sale of stock, recovery of farm machinery, sale of farm, and the performance of the numerous and varies errands and *attendance to details* required in connection with the handling of the affairs of deceased and covering the period from February 14, 1942, until his death.''

The respondent administrator, as stated, filed a motion in the probate court to dismiss this second demand, contending that it arose ·out of the same alleged contract as the smaller demand the appellant had previously filed in August; that the latter had already been completely adjudicated; and that the asserted items in the second demand were all past due when the first demand was filed, and should have been included in it. In addition the administrator filed an answer containing general and special denials and allegations of: misconduct and appropriation of estate property by the appellant; set-off or payment by reason thereof; and compromise, adjudication and payment of the former demand, operating as a bar to the prosecution of the claims stated in the second demand.

The probate judge overruled the respondent administrator's motion to dismiss the demand and the case was tried to a jury, which returned a verdict for appellant for $7500. The administrator appealed to the circuit court. There the claimant filed a motion to strike the administrator's motion from the files. The circuit court overruled that motion and sustained the administrator's motion to dismiss the demand. The claimant then appealed to this court. Thus the issues are raised. Appellant's theories are sufficiently disclosed by the first two points in her brief. They are as follows.

(1) ''Two separate claims . . . do not relate to the same cause of action unless it appears that the same evidence will support each claim and unless it also appears that the same measure of damages will apply to each claim.'' (2) ''Where two demands against an estate are not founded upon one express contract, and each is based upon a separate obligation implied by law, wholly separate and distinct causes of action are stated. Separate demands against an estate, one based upon quantum meruit for personal services rendered, and another based upon debt for reimbursement of amounts paid to satisfy obligations of decedent, are wholly separate and distinct causes of action.''

As we understand, the first sentence in her second point means that her two probate demands severally were based upon separate obligations (contracts) implied by law, which precludes the application of the rule against splitting a single cause of action just as if there had been two different express contracts. And the second sentence means that the two demands constituted separate causes of

action because the first sounded in *debt* for reimbursement of a *definite* sum of *money paid* by her to satisfy her decedent's obligations; whereas the second demand is in *quantum meruit* for an *indefinite* sum of money representing the reasonable value of her *services*, which she fixed at $13,190. The first point in her brief attempts to state an exclusive test by which it may be determined whether her two demands constituted a single cause of action: and that test is whether the same evidence will support each demand, and the same measure of damages will apply to each.

Confessedly the questions thus presented are difficult. The tests for determining whether a cause of action is single and cannot be split, have been said[1] to be: (1) whether separate actions brought thereon arise out of the same "act, contract or transaction"; (2) or, whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. Our decisions[2] have pretty generally employed the first of these tests, and use one or more of the words "act"; "contract" or "transaction". And our Civil Code, itself, now and in the past, has used the word "transaction" as stating the basis of a cause of action, or claim, or counterclaim.[3]

But the phrase "cause of action" and the word "transaction" both have broad meanings. The former does not refer to the *form* of action in which the claim is asserted, but to the *cause for* action, i. e., the underlying facts combined with the law giving the party a *right* to a remedy of one form or another based thereon.[4] And the latter word ("transaction") has an even broader meaning. It has been defined as including the aggregate of all the circumstances which constitute the foundation for a claim, counterclaim, etc. Thus Ritchie v. Hayward, 71 Mo. 560, 562(1) stated, with respect to a counterclaim, that the word "transaction" included "all the facts and circumstances out of which the injury complained of . . . arose."[5]

Hence, on that broad basis there is good reason for saying appellant's second demand arose out of the same transaction as her first demand, since both were based on the same general facts and circum-

---

[1] 1 C. J. S., p. 1311, sec. 102(2); 1 C. J., p. 1108, sec. 279; 1 Am. Jur., p. 481, sec. 96, p. 482, sec. 97, p. 493, sec. 112.

[2] Tooker v. Mo. P. & L. Co., 336 Mo. 592, 600(3), 80 S. W. (2d) 691, 695(8), 101 A. L. R. 365; See v. See, 294 Mo. 495, 500(1), 242 S. W. 949, 951, 24 A. L. R. 880; Bircher v. Boemler, 204 Mo. 554, 562, 103 S. W. 40, 42; Meyerotto v. Est. of Rommel, 227 Mo. App. 13, 15(3), 49 S. W. (2d) 1081, 1082(4); Gooldy v. Lavender, 223 Mo. App. 354, 355(1), 16 S. W. (2d) 681, 682(1); Berkshire v. Hall (Mo. App.), 202 S. W. 414, 415(2, 3); Peper Automobile Co. v. St. L. Union Trust Co., 187 S. W. 109, 111 (1-3); Keller v. Olson, 187 Mo. App. 469, 473, 173 S. W. 28, 29(1).

[3] Sec. 917, R. S. 1939-Mo., R. S. A.; Laws Mo. 1943, p. 371, sec. 43; p. 377, sec. 77; Mo., R. S. A., sec. 847.43 and .77.

[4] "Cause of Action." 6 Words & Phrases (Perm. Ed.), pp. 351, 362; Chestnut v. Mertz (Mo. App.), 144 S. W. (2d) 194, 196(2); Thomas v. Sterling Finance Co. (Mo. App.), 180 S. W. (2d) 788, 792(6).

[5] See also, 42 Words & Phrases (2 Ed.), pp. 253, 256-265.

stances. We shall revert to that question presently, but diverge here to say we find no authority for appellant's contention that her two demands cannot be regarded as split parts of a single cause of action unless both the *same* evidence and *measure of damages* apply to each.

With regard to the evidence, the three decisions appellant cites[6] all dealt with the amendment of petitions, as to which the law is liberal. But aside from that, the cited Bader case concedes the doctrine invoked by appellant means only that the evidence must be of the same *character*. And it was even more plainly stated in Smith v. Harbison-Walker Refractories Co., 340 Mo. 389, 398(1), 100 S. W. (2d) 909, 912(2), that the character of the evidence must be such as to preserve the *general identity* of the transaction. With respect to the form of the action, the cited Brinkmann case dealt with a new petition filed after nonsuit. It held: "A new cause of action is not necessarily introduced by a change in the mere form of the action (as from ex delicto to ex contractu), provided the second action adheres to the transaction originally pleaded, and does not set up another cause or controversy . . . "

As to the measure of damages (which in this connection means compensation for the loss sustained, 15 Am. Jur., pp. 441-443, secs. 42, 43) it is true appellant's first demand was for $441.32, settled for $150, and her second demand for $13,910. And treating [11] the two as separate transactions, the respective measures of damage would be different in amount. But the foundation case on this question, Scovill v. Glasner, 79 Mo. 449, 454(1) shows the essential *character* of the damages, not the amount, is what is contemplated in determining the identity of the transaction. Thus, where a plaintiff has a contract for services at a stipulated price (the measure of damages being the *contract* value) he may nevertheless sue in assumpsit as for quantum meruit, and recover the *reasonable* value of the services, not in excess of the contract value—and still he may introduce the contract in evidence to prove his case without changing the *cause* of action. Perles & Stone, Inc., v. Childs Co., 340 Mo. 1125, 1132(4), 104 S. W. (2d) 361, 364(9). See also Beebe v. The Columbia Axle Co., 233 Mo. App. 212, 213, 222, 224(12), 117 S. W. (2d) 624.

Another fact to be remembered is that in such procedural steps as amending a petition, answer or reply, filing or amending a counterclaim, and joinder of causes of action, are all taken with the parties in court and anticipating a trial. But where a single cause of action is split and another suit is later brought on part of it, the defendant thereby is harassed with a multiplicity of suits on the same cause of action, which is the thing the rule seeks to prevent in furtherance

---

[6]Jacobs v. C., P. & St. L. Red. Co. (Mo. App.), 204 S. W. 954, 956(5); Bader v. Beck (Mo. App.), 173 S. W. (2d) 647, 650-1 (4, 5); Brinkmann Realty Co. v. Deidesheimer (Mo. App.), 201 S. W. (2d) 503, 507(2-3).

of public policy.[7]   And where the offending party has thus had a day in court and an opportunity to assert all his claims based on the same cause of action the law well may be less liberal with him a second time than it was in the beginning.

There are, it is true, instances where a plaintiff may join in one suit separate claims against the same defendant, but is not required to do so;[8] and others where causes of action overlap or possess certain elements in common, but still differ in essential facts or parties. These are considered separate causes of action.[9]   Likewise if a party have several promissory notes given in the same transaction he may sue separately on each without regard to their respective maturities. But from its very nature a promissory note is a separate contract. Broyles v. Achor (Mo. App.), 78 S. W. (2d) 459, 463(3).   It is negotiable and passes from hand to hand.   Such notes may be held by different owners at maturity, who may act separately as and when they desire.   And a single holder of all may be the same.   But he cannot split his cause of action on a single note.   1 C. J. S., p. 1323, sec. 103c(5) ; 1 Am. Jur., p. 486, sec. 104.

Similarly, where one has separate claims under a single continuing contract, as for wages, items or installments successively maturing on an account, or contract for personal services, he may sue for each as it matures, but must include all such claims as had come due when the action was brought, unless they be of such independent nature as to constitute separate and distinct causes of action.[10]

In the instant case both of appellant's demands were presented as running accounts.   The first demand contained eleven items aggregating $441.32 but settled for $150.   It was for money paid by her out of her own funds between February 8, 1944 and August 7, 1945, on insurance premiums (apparently fire insurance) and taxes due from the deceased.   The second demand stated an account in four paragraphs for services rendered by the appellant to the deceased between February 11, 1942 and December 7, 1945.   The third paragraph covered "complete management" of the deceased's store in Rosebud and "disbursing all expenditures" thereof.   The fourth paragraph covered "complete management of all personal and business affairs [12] of the deceased including . . . *payment of obligations* . . . and *attendance to details* . . . "

[7]1 C. J. S., p. 1308, sec. 102b; 1 C. J., p. 1107, sec. 227; 1 Am. Jur., p. 481, sec. 96.

[8]Chamberlain v. Mo.-Ark. .Coach Lines, 354 Mo. 461, 464-5(1, 2), 189 S. W. (2d) 538, 539(1, 2), 161 A. L. R. 204.

[9]Szombathy v. Merz, 347 Mo. 776, 783(4), 148 S. W. (2d) 1028, 1031(3); Broz v. Hegwood, 349 Mo. 920, 929, 163 S. W. (2d) 1009, 1010(2).

[10]1 C. J. S., pp. 1318-1320, sec. 103b; p. 1320, sec. 103c(1); p. 1326, sec. 103c(7); 1 C. J., p. 1112-3, secs. 286, 287, 288; p. 1114, sec. 293; 1 Am. Jur., p. 488, sec. 106; p. 489, sec. 107; p. 490, sec. 109; p. 491, sec. 110; Fid. & Dep. Co. v. Brown, 228 Mo. App. 164, 167-8(3, 4), 65 S. W. (2d) 1064, 1065(2-4).

As will be seen, the outside dates of the first demand were within the period covered by the second demand. And the payment of the insurance premiums and taxes was within the appellant's duties under her second demand, whether they were obligations of the store business or of the deceased's personal business. The only question is whether appellant's advancement of the money to pay these insurance and tax items, which it was her duty to discharge, made that act or service a *different transaction* within the rule forbidding the splitting of a single cause of action. If she had incurred expenses in discharging her duty clearly it would have been a part of the same transaction. And it is our opinion that the temporary advancement of money to meet these obligations is no different.

Thus, in the *Gooldy* case, supra,[2] the claimants' first demand was for $95 covering certain "current expenses" including board and room and the bill of a special nurse. The second demand was for $1700 for nursing, care, and attention by the claimants. It was held both demands should have been included in a single cause. And in the *Bircher* case,[2] the first demand was for $40 for care, maintenance and attention, and the second demand was for $6857 for board, lodging, laundry, nursing, care and attention, less a credit of $875 paid by the guardian of the insane decedent, covering $37 allowed for clothing already bought, an allowance of $25 to $50 per month for clothing and incidental expenses, and $35 per month for board, maintenance and attention. This court there ruled there was "really but one (cause of action)." These decisions furnish criteria for determining what is meant by "same transaction" as applied to probate claims of the present character, involving money advanced in connection with services rendered. See also the See case and the Peper case, supra.[2] The latter involved the splitting of a running account by separate demands filed in the probate court.

We consider briefly appellant's second assignment (not point), that the circuit court erred in failing to reserve its ruling on the respondent administrator's motion to dismiss her second demand until the cause was being heard on its merits. If that question was raised at all in appellant's motion for new trial it was by the 10th and 11th assignments thereof, which complained that respondent failed to offer any evidence sustaining his defense against appellant's cause of action; and that the defense was affirmative. But that question arose on the face of the two demands and had been raised by motion in the probate court, which motion went up with the transcript for hearing de novo in the circuit court, Sec's 283, 291, R. S. 1939-Mo. R. S. A. And the issue was presented on the face of the two demands after proof of the filing and allowance of the first demand had been made. Liebaart v. Hoehle's Est. (Mo. App.),

111 S. W. (2d) 925, 928(1) ; Peper Automobile Co. v. St. Louis Union Trust Co., supra,[2] 187 S. W. l. c. 112(6).

For the reasons stated and under the authorities cited, we hold the instant judgment should be affirmed, and it is so ordered. All concur.