**Matt MEDINA and Esther Medina, Appellants,**

v.

**WOOD RIVER PIPELINE COMPANY and Gregory & Cook, Inc., Appellees.**

**No. 86–1676.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 24, 1986.

Decided Jan. 20, 1987.

Terry A. Bond, Clayton, Mo., for appellants.

Samuel C. Ebling, St. Louis, Mo., for appellee Wood River Pipeline.

Stephen M. Buckley, St. Louis, Mo., for appellee Gregory & Cook.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD,* District Judge.

MORRIS SHEPPARD ARNOLD, District Judge.

In 1981, a crude oil pipeline was constructed in Missouri across Lincoln and Montgomery counties. A lawsuit, filed previous to the instant one, arose out of the construction of that pipeline, and appellants here were among the plaintiffs in that case, which was styled *Adelhardt vs. Wood River Pipeline, et al.* In that previous case, appellants sued the same parties that are the appellees in this action, and, in addition, named Universal Associates, Inc. as a defendant. The original complaint sought money damages for statutory trespass; later, appellants amended their complaint to include a claim for trespass at common law. During discovery, appellants made clear that in their common-law trespass action they were seeking damages for emotional distress and injury to real property sustained as a result of blasting. The case proceeded to the Saturday before trial, at which time all parties entered into a settlement agreement, and a few days later all parties stipulated to the dismissal of the complaint with prejudice. Appellants then executed a release to defendants Wood River Pipeline Company and Universal Associates.

In July of 1985, the appellants filed the instant suit against Wood River Pipeline and Gregory and Cook, Inc., alleging damages for emotional distress and injury to their real property as a result of blasting

* Morris S. Arnold, United States District Judge for the Western District of Arkansas, sitting by designation.

that occurred during the construction of the crude oil pipeline. Subsequently, each defendant filed a motion for summary judgment, and these motions were granted on the ground that the claim was precluded.

The Medinas now appeal. They contend their previous action was instituted to recover only for trespass as committed by the surveyors who proceeded upon the land of the appellants prior to obtaining a proper court order. The Medinas further contend that even if the damages caused by construction were properly part of their claim in *Adelhardt,* there was an agreement with Wood River Pipeline Company that they could split their cause of action. We reject the Medinas' arguments and affirm.

### I.

■ Missouri principles of claim preclusion govern in this diversity case. *See Richardson v. Phillips Petroleum Co.,* 791 F.2d 641, 643 (8th Cir.1986); *Kuehn v. Garcia,* 608 F.2d 1143, 1147 (8th Cir.1979), *cert. denied,* 445 U.S. 943, 100 S.Ct. 1340, 63 L.Ed.2d 777 (1980). We believe that the result in this case turns on a proper interpretation of Rule 67.03 of the Missouri Rules of Civil Procedure, which provides, in pertinent part, that a "dismissal with prejudice bars the assertion of the same cause of action or claim against the same party." Since it is undisputed that the parties in the instant case were among the parties in *Adelhardt,* and that *Adelhardt* was dismissed with prejudice, the only substantial question in this appeal is whether appellants here assert, in the words of the rule, "the same cause of action" asserted previously. *See Vandever v. Junior College District of K.C.,* 708 S.W.2d 711 (Mo.App. 1986); *Roach v. Teamsters Local Union No. 688,* 455 F.Supp. 322, 324 (E.D.Mo. 1978), *aff'd* 595 F.2d 446 (8th Cir.1979). The Missouri Supreme Court has stated that claims constitute part of a single cause of action when those claims arise out of the same act, contract, or transaction. *Grue v. Hensley,* 357 Mo. 592, 210 S.W.2d 7, 10

(1948); *see also Mullen v. General Motors Corp.,* 640 S.W.2d 144, 145 (Mo.App.1982). A "transaction" for these purposes is defined as "including the aggregate of all the circumstances which constitute the foundation for a claim...." *Grue,* 357 Mo. 592, 210 S.W.2d at 10.

■ We believe it quite clear that the "aggregate of all the circumstances" constituting the foundation for the claims in *Adelhardt* consisted of the construction and installation of a crude oil pipeline through the appellants' property, activities that were related in time, space, and origin. The "circumstances," or "transaction," out of which the claim for blasting damages arose in the instant case similarly consist of the construction and installation of that same pipeline. That activity therefore constitutes, for claim preclusion purposes, a single cause of action, and all of appellants' claims for damages, whether caused by surveying, digging, or blasting associated with the construction and installation of that pipeline must be brought in one lawsuit. Appellants' claims here are therefore precluded by these well-recognized legal principles.

### II.

Appellants contend that even if they are attempting to split their cause of action, they should nevertheless be allowed to proceed against Wood River Pipeline Company because their settlement with that defendant was expressly limited to damages caused by surveyors entering their land. They believe that their release amounts to a contract with Wood River to allow certain claims to be asserted against it at a later time. To support this assertion, appellants point to the fact that the release it executed to Wood River Pipeline Company excluded language contained in the releases to other *Adelhardt* plaintiffs that specifically incorporated claims of the kind being asserted here.

■ The court, while recognizing the general rule that parties may by express agreement consent to the splitting of a

534

cause of action,[1] finds this release to be insufficient proof of such an arrangement. The release in no way indicates an understanding by the parties that the settlement was a partial one. In fact, appellants specifically released "any and all claims for injury or damage * * * resulting from any alleged trespass on or to" their property, including "claims for great mental anguish, fear and emotional distress" and claims for injuring "the usefulness of the land." It may be that appellants, by altering the release in the way indicated, intended to reach an agreement to allow for the later litigation of certain claims. But the court believes that their efforts were unsuccessful for the reasons indicated.

### III.

Thus, since appellants in the instant lawsuit assert claims that are precluded by Missouri law, the district court's order granting defendants' motions for summary judgment is affirmed.

---

1. Restatement (Second) of Judgments § 26(7)(a) and Comment a (1981); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4415 (1981).