_____

No. 95-2043
_____

Therese Kaye Barnes, as Trustee *
for Cassidy Lynn Barnes,          *
Katrina Renea Barnes and Paula    *
Sue Barnes; Cassidy Lynn Barnes;*
Katrina Renea Barnes; Paula Sue   *    Appeal from the United States
Barnes, individually through      *     District Court for the
their guardian Patsy Barnes,      *     Eastern District of Missouri.
                                  *
          Appellants,             *
                                  *
     v.                           *
                                  *
The Prudential Insurance          *
Company of America,               *
                                  *
          Appellee.               *
                      _____

          Submitted:  December 13, 1995

          Filed:  February 14, 1996
                      _____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.
                      _____

WOLLMAN, Circuit Judge.

     The Barnes children appeal from the district court's judgment
in favor of Prudential Insurance Company of America (Prudential).
We reverse and remand for further proceedings.

**I.**

     On May 9, 1989, Prudential issued an insurance policy on the
life of Randal Lynn Barnes (Barnes), with a principal benefit
amount of $250,000 and a double indemnity provision in the event of
an accidental death.  Barnes designated his wife, Patsy Lou Barnes,
as the beneficiary.  The policy provided that Barnes could change
the beneficiary upon written request to Prudential.  The Barnes's

marriage was dissolved on March 26, 1990. Barnes died in an accident on June 2, 1990.

Both Patsy Lou Barnes and Barnes's sister, Therese K. Barnes, filed a claim for the benefits. Therese K. Barnes wrote on her claim application that her brother had asked his insurance agent, Billy Volner, to change the beneficiary designation to name her as guardian for Barnes's three children, but that Volner had failed to provide Barnes with the necessary form, despite several requests that he do so.

Prudential filed an interpleader action in Missouri state court to resolve the beneficiary conflict. Prudential then filed a motion for discharge from the action and was discharged after stipulating that any potential negligence claims based on Volner's actions were not affected by the discharge order. The state court's order specified that "all parties agree that such potential claims [regarding Volner's negligence] are not discharged or in any way affected by this order of discharge." The Barnes children and Patsy Lou Barnes reached a settlement in the interpleader action, with Patsy Lou Barnes receiving $100,000 and Therese K. Barnes receiving approximately $400,000 on behalf of the children.

Therese K. Barnes then brought this action against Prudential on behalf of the children, claiming damages of $100,000 based upon Volner's negligence. Prudential contended that the action was barred by res judicata and collateral estoppel. The district court rejected this argument, however, because of Prudential's stipulation. Prudential then filed a motion in limine requesting the court to exclude all evidence of Barnes's statements to others concerning his wishes to change the beneficiary designation on his policy.

The district court granted Prudential's motion in limine, excluding the testimony of several witnesses who would have

testified that Barnes said he wished to change the beneficiary, as well as Volner's deposition testimony to the effect that Barnes had asked him at least three times to change the beneficiary but that he had failed to get the change of beneficiary form to Barnes because he (Volner) was very busy. The court found that the statements were barred by what was formerly known as the Missouri Dead Man's Statute, Mo. Rev. Stat. § 491.010 (1986), which allows the hearsay testimony of a deceased party to be admitted only if the adverse party testifies with respect to the transaction. The court then granted Prudential's motion for a judgment as a matter of law, finding that the Barnes children had no submissible evidence to prove their case.

The Barnes children argue on appeal that the district court erred in granting the motion in limine. Prudential argues that the action is barred by res judicata and, alternatively, that the district court properly granted the motion in limine.

## II.

We will first address Prudential's argument that the action is barred by res judicata. In this diversity action, Missouri res judicata principles govern. See Medina v. Wood River Pipeline Co., 809 F.2d 531, 533 (8th Cir. 1987). We agree with the district court's determination that the action is not barred.

Although res judicata bars claims that could have been raised in a previous action, see King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 501 (Mo. 1991) (en banc), Prudential stipulated that the negligence claims against it would remain alive if it were discharged from the action. Such stipulations are valid under Missouri law. See Pierson v. Allen, 409 S.W.2d 127, 130 (Mo. 1966) (stipulations waiving benefit of procedural statutes consistently enforced).

-3-

Prudential's argument that the action should not proceed because the parties in the previous action entered into a settlement agreement is unpersuasive.  Prudential's remedy was to remain in the state action and defend against the claims when they arose in that action.  Prudential may not bar a plaintiff from raising the claims against it based solely on the fact that the benefit claimants settled the claims among themselves.

**III.**

We next address the relevance of the Missouri Dead Man's Statute, which provides, in pertinent part, that:

> In any such suit, . . . where one of the parties to the contract, transaction, occurrence or cause of action, . . . is dead . . . and the adverse party or his agent testifies with respect thereto, then any relevant statement or statements made by the deceased party . . . shall not be excluded as hearsay . . . .

Mo. Rev. Stat. § 491.010.2 (1986).

The district court found that because Prudential indicated that it would not introduce testimony regarding the statements Barnes made before he died, the Missouri statute did not allow the Barnes children to introduce the statements.  The Barnes children argue, however, that because the testimony is not hearsay under Missouri law, it is not barred by the statute.

We agree that some of the testimony excluded by the district court is not hearsay and that other testimony is not hearsay if it is admitted for a limited purpose.  Because the Missouri statute applies only if the proposed testimony is hearsay, the statute does not bar the introduction of the proffered testimony in this case.

We turn first to Volner's deposition testimony.  The testimony includes Volner's statements that Barnes told him that he wanted to change the beneficiary from his wife to his sister, for the benefit of his children.  Volner testified that he and Barnes talked about the change, but that because Volner did not have any change of beneficiary forms with him he told Barnes that he would get back to him with the forms.  Volner testified that Barnes called him on two more occasions and said that he still wanted to change the beneficiary, that he told Barnes he would get together with him, but that he did not do so during the four or five months from Barnes's first request until Barnes's death.

Although Barnes's statements to Volner that he wanted to change the beneficiary would not be admissible to show that Barnes actually wanted to change the beneficiary, the statements are admissible to show that he made such statements to Volner.  Admission of the statements to show Volner's knowledge of Barnes's wishes does not depend on the truth or falsity of whether Barnes wanted to make the change, but only upon whether he made the statements.  See Henges Assocs., Inc. v. Indus. Foam Prods., Inc., 787 S.W.2d 898, 900 (Mo. Ct. App. 1990) (testimony offered only to show statement was made without regard to its truth or falsity not hearsay).  Evidence admissible for one purpose but not another is admissible at trial.  Id. at 901.

Moreover, much of Volner's relevant testimony is not hearsay for any purpose relevant to this case.  Volner's statements that he told Barnes he would get change of beneficiary forms for him but did not do so are not hearsay.  Whether Volner actually planned to get the forms is immaterial.  His statements that he and Barnes talked about the change are not hearsay.  Accordingly, the district court erred in excluding the testimony.  Volner may testify at trial to the non-hearsay matters covered in his deposition.

Barnes's statements to his father, sister, and others about his desire to change the beneficiary and about his statements to Volner are inadmissible hearsay, as they are only relevant to show that Barnes wished to change the beneficiary, or that he asked Volner to change the beneficiary. Thus, they are offered for the truth of the matter asserted. Cf. Henges, 787 S.W.2d at 900.

**IV.**

Having decided that Volner's testimony is admissible, we must decide whether that testimony provides sufficient evidence to withstand a motion for judgment as a matter of law.

To state a cause of action for negligence, the Barnes children must show that Prudential owed them a duty; that Prudential breached that duty; and that they suffered damages which were proximately caused by Prudential's breach. See Jones v. Ames, 901 S.W.2d 160, 162 (Mo. Ct. App. 1995).

Under the first element, whether Prudential owed the Barnes children a duty is not dependent upon the evidence the district court excluded, and the issue has not been addressed by the court. As to the second element, the erroneously excluded testimony could show that Prudential breached a duty. Finally, in order to show that they suffered damages, the Barnes children must show that they would have received the full policy amount but for Volner's actions. A jury could infer from the fact that Volner and Barnes discussed a change and that Volner agreed to get forms for Barnes that Barnes would have signed the forms had they been provided. Thus, the children may be able to show damages.

The judgment is reversed and the case is remanded for trial.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.